UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAHIM OMARKHAN LOCKRIDGE,

        Petitioner,                  Case No. 1:16-cv-930

v.                                           Honorable Robert Holmes Bell

SHERMAN CAMPBELL,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner Rahim Omarkhan Lockridge presently is incarcerated at the Carson City Correctional Facility. Petitioner's conviction arose from a domestic altercation involving a physical fight between Petitioner and his wife, during which Petitioner placed his wife in a choke hold, resulting in her death by strangulation. Following a jury trial in the Oakland County Circuit Court, Petitioner was convicted of involuntary manslaughter, MICH. COMP. LAWS § 750.321. On May 31, 2012, Petitioner was sentenced to a prison term of eight to fifteen years.

Petitioner appealed to the Michigan Court of Appeals, raising two state-law claims, as follows:

   I.   [PETITIONER] IS ENTITLED TO BE RESENTENCED, WHERE THE REASONS GIVEN FOR DEPARTING FROM THE GUIDELINES WERE NEITHER SUBSTANTIAL NOR COMPELLING, AND WERE ADEQUATELY ACCOUNTED FOR IN THE SCORING OF THE SENTENCING GUIDELINES. ADDITIONALLY, REASSIGNMENT IS WARRANTED UPON REMAND, WHERE THE SENTENCING JUDGE CANNOT REASONABLY BE EXPECTED TO SET ASIDE PREVIOUSLY EXPRESSED VIEWS.

   II.  UNDER MICHIGAN LAW, THE PRESENTENCE INVESTIGATION REPORT SHOULD ACCURATELY REFLECT THE SENTENCING JUDGE'S DETERMINATIONS. THOUGH JUDGE GRANT AGREED TO MAKE CERTAIN CHANGES, THOSE CHANGES WERE NEVER MADE. THEREFORE, REMAND IS REQUIRED BECAUSE THE TRIAL COURT DID NOT ADEQUATELY RESPOND TO [PETITIONER'S] REQUESTS TO CORRECT THE PRESENTENCE INVESTIGATION REPORT.

(Pet'r's Br. on Appeal, ECF No. 1-1, PageID.22.) Petitioner subsequently filed a supplemental brief, raising a third issue: the sentence was based on improper judicial factfinding, in violation of the new rule established in *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2151 (2013). In a published opinion issued on February 13, 2014, the court of appeals affirmed the conviction, holding that the

court was bound by a prior panel decision in *People v. Herron*, 845 N.W.2d 533 (Mich. Ct. App. 2013), which concluded that *Alleyne* was inapplicable to Michigan's indeterminate sentencing guidelines. *See People v. Lockridge*, 849 N.W.2d 388, 391 (Mich. Ct. App. 2014). Two of the panel judges filed separate opinions, concurring in the result, but expressing their disagreement with the *Herron* decision. *Id.* at 391-408.

Petitioner sought leave to appeal to the Michigan Supreme Court, raising the following two issues:

> I.   WERE [PETITIONER'S] SIXTH AND FOURTEENTH AMENDMENT RIGHTS VIOLATED BY JUDICIAL FACT FINDING, WHICH INCREASED THE FLOOR OF THE PERMISSIBLE SENTENCE, IN VIOLATION OF *ALLEYNE V UNITED STATES*?
>
> II.  IS [PETITIONER] ENTITLED TO BE RESENTENCED, WHERE THE REASONS GIVEN FOR DEPARTING FROM THE GUIDELINES WERE NEITHER SUBSTANTIAL NOR COMPELLING, AND WERE ADEQUATELY ACCOUNTED FOR IN THE SCORING OF THE SENTENCING GUIDELINES. ADDITIONALLY IS REASSIGNMENT WARRANTED UPON REMAND, WHERE THE SENTENCING JUDGE CANNOT REASONABLY BE EXPECTED TO SET ASIDE PREVIOUSLY EXPRESSED VIEWS?

(Pet'r's Appl. for Leave to Appeal, ECF No. 1-1, PageID.76.) The supreme court, in a lengthy published opinion issued on July 29, 2015, overruled *Herron*, 845 N.W.2d 533, and held that the mandatory Michigan sentencing guidelines violated the right to a trial by jury to the extent that they increased a minimum sentence based on judicial factfinding, in violation of *Alleyne*, 133 S. Ct. 2151. *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015). As a remedy for the constitutional problem, the Michigan Supreme Court severed the portion of MICH. COMP. LAWS § 769.34(2) that it made the guidelines mandatory, and severed the portion of MICH. COMP. LAWS § 769.34(3) that required substantial and compelling reasons for judicial departure from the guidelines. *Lockridge*, 870

N.W.2d at 520-21. The court held, however, that, because the sentencing court had exercised its discretion to depart upward from the sentencing guidelines, the minimum sentence range was not actually constrained by the violation of the Sixth Amendment created by the mandatory guidelines. *Lockridge*, 870 N.W.2d at 521-22.

      In his habeas application, Petitioner raises the following three grounds for relief:

I.      [PETITIONER'S] SIXTH AND FOURTEENTH AMENDMENT RIGHTS WERE VIOLATED BY JUDICIAL FACT FINDING, WHICH INCREASED THE FLOOR OF THE PERMISSIBLE SENTENCE, IN VIOLATION OF ALLEYNE V UNITED STATES.

II.      [PETITIONER] CHALLENGES THE CONSTITUTIONAL RIGHT OF THE DEPARTURE OF HIS GUIDELINES, IN LIGHT OF THE UNITED STATES SUPREME COURT[']S DECISION IN ALLEYNE V UNITED STATES – US –; 133 S. Ct. 2151; 186 L ED 2D 314 (2013)[.]

III.      [PETITIONER] WAS ILLEGALLY SCORED 25 POINTS FOR PV 1, FOR GRAND LARCENY FROM A PERSON IN 1990. A CRIME IN WHICH THE JURY ON THIS CASE NEVER HEARD WHICH ELEVATED [PETITIONER'S] GUIDELINES BY 7 TO 14 MONTHS. HE WAS ALSO SENTENCED UNDER THE HYTA PROBATION STATUS.

(Pet., PageID.209, 211, 213.)

## Discussion

      This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on

the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation marks omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, 135 S. Ct. 1, 3 (2014); *Bailey*, 271 F.3d at 655. Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 132 S. Ct. 38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 132 S. Ct. at 44).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal

court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 2015 WL 1400852, at *3 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. ___, 134 S. Ct. 1697, 1705 (2014) (quotations marks omitted).

I. Grounds I & II: Violation of *Alleyne v. United States*

In Ground I of his habeas application, Petitioner contends that his Sixth and Fourteenth Amendment rights were violated by judicial factfinding that raised the floor of his minimum sentence, in violation of *Alleyne*, 133 S. Ct. 2151. In Ground II of his application, Petitioner argues that the trial court violated *Alleyne* by departing upward from the guidelines in setting Petitioner's minimum sentence.

Petitioner argues the sentencing judge violated his Sixth Amendment right to a trial by jury by using, to enhance his sentence, facts that had not been admitted by Petitioner or found by a jury beyond a reasonable doubt. Petitioner bases his argument on the line of cases beginning with *Apprendi v. New Jersey*, 530 U.S. 466 (2000), followed by *Ring v. Arizona*, 53 US 584 (2002), *Blakely v. Washington*, 542 U.S. 296 (2004), *United States v. Booker*, 543 U.S. 220 (2005), and, finally, *Alleyne*, 133 S. Ct. 2151.

In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. *Apprendi* enunciated a new rule of Sixth Amendment jurisprudence. In the subsequent case of *Blakely*, the Court applied

the rule of *Apprendi* to a state sentencing guideline scheme, under which the maximum penalty could be increased by judicial fact-finding. The *Blakely* Court held that the state guideline scheme violated Sixth Amendment rights, and reiterated the rule that any fact that increased the maximum sentence must be "admitted by the defendant or proved to a jury beyond a reasonable doubt." *See Booker*, 543 U.S. at 232 (citing *Blakely*, 542 U.S. at 303). Petitioner invokes this line of authority in challenging his sentence of 60 to 90 months as violative of Sixth Amendment rights.

Unlike the State of Washington's determinate sentencing system, the State of Michigan has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum term. The maximum sentence is not determined by the trial judge, but is set by law. *See People v. Drohan,* 715 N.W.2d 778, 789-91 (Mich. 2006) (citing MICH. COMP. LAWS § 769.8). Only the minimum sentence is based on the applicable sentencing guideline range. *Id.*; *and see People v. Babcock*, 666 N.W.2d 231, 236 n.7 (Mich. 2003) (citing MICH. COMP. LAWS § 769.34(2)). The Sixth Circuit authoritatively has held that the Michigan indeterminate sentencing system does not run afoul of *Blakely*. *See Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009) (affirming district court's dismissal of prisoner's claim under *Blakely v. Washington* because it does not apply to Michigan's indeterminate sentencing scheme); *Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007).

Subsequently, in *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2151 (2013), the Supreme Court held that the *Apprendi* line of cases applies equally to mandatory minimum sentences. Shortly thereafter, the Michigan Court of Appeals concluded that *Alleyne* only prohibited judicial factfinding used to determine a mandatory minimum sentence, but had no impact on judicial factfinding in scoring the sentencing guidelines producing a minimum range for an indeterminate

sentence, the maximum of which is set by law. *See People v. Herron*, 845 N.W.2d 533, 539 (Mich. App. 2013). The Sixth Circuit also concluded that *Alleyne* did not decide the question whether judicial factfinding under Michigan's indeterminate sentencing scheme violated the Sixth Amendment. *See Kittka v. Franks*, 539 F. App'x 668, 673 (6th Cir. 2013). As a consequence, the Sixth Circuit held, the question is not a matter of clearly established Supreme Court precedent. *Id.* (citing *Montes v. Trombley*, 599 F.3d 490, 498 (6th Cir. 2010)); *see also Saccoccia v. Farley*, 573 F. App'x 483, 485 6th Cir. 2014) ("But *Alleyne* held only that 'facts that increase a mandatory *statutory* minimum [are] part of the substantive offense.'. . . It said nothing about guidelines sentencing factors . . . .) (quoting *Alleyne*, 133 S. Ct. at 2161 (emphasis added)).

However, in Petitioner's own case, *Lockridge*, 870 N.W.2d 502, in a 5-2 decision, the Michigan Supreme Court held to the contrary. The court reasoned that, because the "guidelines *require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily* increase the floor of the guidelines minimum sentence range," they increase the "mandatory minimum" sentence under *Alleyne*. *Lockridge*, 870 N.W.2d at 506 (emphasis in original). As a consequence, the *Lockridge* court held that the mandatory application of Michigan's sentencing guidelines was unconstitutional, and the remedy was to make them advisory only. *Id.* at 520-21.[1]

---

[1] The Michigan Supreme Court actually reviewed Petitioner's claim only for plain error, as he had not raised the issue before the trial court. "If a petitioner does not satisfy the procedural requirements for bringing an error to the state court's attention – whether in trial, appellate, or habeas proceedings, as state law may require – procedural default will bar federal review." *Magwood v. Patterson*, 561 U.S. 320, 130 S. Ct. 2788, 2801 (2010). This is so, even if the appellate court conducts a review for plain error or manifest injustice. *See Seymour v. Walker*, 224 F.3d 542 (6th Cir. 2000) (citations omitted) (reiterating that "plain error review does not constitute a waiver of state procedural default rules."). Nevertheless, the U.S. Supreme Court has held that federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits. *See Hudson v. Jones*, 351 F.3d 212, 216 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) ("Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law."), and *Nobles v. Johnson*, 127 F.3d 409, 423-24 (5th Cir.

The Michigan Supreme Court's decision in *Lockridge* does not render the result "clearly established" for purposes of habeas review. This Court may consider only the "clearly established" holdings of the United States Supreme Court. *Williams*, 529 U.S. at 412; *Bailey*, 271 F.3d at 655. In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, 135 S. Ct. 1, 3 (2014); *Bailey*, 271 F.3d at 655. For the same reasons, it may not consider the holdings of the state courts. Instead, this Court may only grant relief on habeas review if the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 410. "[R]elief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question." *White*, 134 S. Ct. at 1706-07(quoting *Harrington*, 562 U.S. at 103).

As is apparent from the reasoned decisions of the Michigan Court of Appeals in *Herron*, 845 N.W.2d at 539, and the Sixth Circuit in *Kittka*, 539 F. App'x at 673, and *Saccoccia*, 573 F. App'x at 485, as well as the decision of the dissenting justices in *Lockridge* itself, reasonable jurists could and did disagree about whether *Alleyne* applied to the calculation of Michigan's minimum sentencing guidelines. *Alleyne* therefore did not clearly establish the unconstitutionality of the Michigan sentencing scheme.

Moreover, even if *Alleyne* had clearly established the unconstitutionality of the mandatory Michigan sentencing guidelines, the judge's departure from the sentencing guidelines

---

1997) (deciding against the petitioner on the merits even though the claim was procedurally defaulted)). *See also* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). Where, as here, the procedural default issue raises more questions than the case on the merits, the Court may assume without deciding that there was no procedural default or that Petitioner could show cause and prejudice for that default. *See Hudson*, 351 F.3d at 215-16; *Binder v. Stegall*, 198 F.3d 177, 178 (6th Cir. 1999).

did not violate *Alleyne*, 133 S. Ct. 2151, or any other federal constitutional precedent. Judicial factfinding does not violate the United States Constitution unless it serves to *manditorily* increase the sentence. *See Apprendi*, 530 U.S. at 481 ("We should be clear that nothing in this history suggests that it is impermissible for judges to exercise discretion – taking into consideration various factors relating both to offense and offender – in imposing a judgment *within the range* prescribed by statute."). The Supreme Court long has recognized the constitutionality of judicial discretion in sentencing, as long as the judge imposes a sentence within the range authorized for the conviction on which the defendant has been found guilty. *Apprendi*, 530 U.S. at 481 (citing *Williams v. New York*, 337 U.S. 241, 246 (1949)). Further, in *Booker*, 543 U.S. at 233, the Court recognized that the federal sentencing guidelines, unconstitutional when mandatory, were constitutional if they were merely advisory. *Id.* ("If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment. We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range."). Where, as here, the trial court did not increase the Petitioner's sentence on the basis of the guidelines, but instead imposed a discretionary sentence higher than the guidelines, *Alleyne* is utterly inapplicable.

## II. Ground III: Inaccurate Scoring of Guidelines Variables

In his third ground for habeas relief, Petitioner argues that the trial court erred in calculating Prior Record Variable (PRV) 1. He contends that his 1990 conviction should not have been counted to increase his total PRV score.[2]

Claims concerning the improper scoring of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized sentencing. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Austin*, 213 F.3d at 300; *Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).

Although state law errors generally are not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Bowling*

---

[2] Petitioner did not present his third ground for relief to the state courts for review. As a consequence, the claim is not exhausted. *See* 28 U.S.C. § 2254(b)(1)(A). Exahustion, however, is not required where, as here, the claim is without merit. 28 U.S.C. § 2254(b)(2).

*v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003) (quoting *Pulley v. Harris*, 465 U.S. 37, 50 (1984)); *see also Doyle*, 347 F. Supp. 2d at 485 (a habeas court "will not set aside, on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (citation omitted). A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke,* 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 447.

Petitioner does not even argue that the facts found by the court at sentencing were either materially false or based on false information. *Tucker*, 404 U.S. at 447. Instead, Petitioner argues that, under state law, the court should not have counted his old conviction. It is not the province of a federal habeas court to re-examine state-law determinations on state-law questions. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). The decision of the state courts on a state-law issue is binding on a federal court. *See Wainwright v. Goode*, 464 U.S. 78, 84 (1983). Further, Petitioner's sentence, which falls well within the maximum set by law, clearly is neither arbitrary nor shocking. As a consequence, Petitioner's sentence does not run afoul of the constitution.

**Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme

Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Date: September 21, 2016                     /s/ Robert Holmes Bell
                                             ROBERT HOLMES BELL
                                             UNITED STATES DISTRICT JUDGE